ORIGINAL

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  JEFFREY R. VINCENT, State Bar No. 161013
   Deputy Attorney General
4    1515 Clay Street, 20th Floor
     P.O. Box 70550
5    Oakland, CA  94612-0550
     Telephone: (510) 622-2127
6    Fax: (510) 622-2270
     Email: Jeffrey.Vincent@doj.ca.gov
7
   Attorneys for Defendant State of California, by and
8  through the California Highway Patrol

FILED
2008 MAR 20 PM 3: 12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9
                      IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12                                                        C08-01549   RS

13  SANDRA J. FEE,                         CASE NO.                   ADR

14                         Plaintiff,      NOTICE OF REMOVAL OF ACTION
                                           UNDER 28 U.S.C. § 1441(b)
15          v.

16  STATE OF CALIFORNIA, CALIFORNIA
    HIGHWAY PATROL, OFFICER B.
17  RIOUX, OFFICER VOORHEES, and
    DOES 1 to 20, inclusive,
18
                           Defendants.
19

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21     PLEASE TAKE NOTICE that defendant State of California appearing by and through the

22  California Highway Patrol hereby removes to this Court the state court action described below.

23     1.  On February 25, 2008, an action was commenced in the Superior Court of the State of

24  California in and for the County of Santa Cruz, entitled Sandra J. Fee, plaintiff v. State of California,

25  et al., defendants, as case number CV15955.  A copy of the complaint is attached hereto as Exhibit

26  "A".

27     2.  The first date upon which defendant State of California received a copy of the complaint

28  was February 29, 2008, when a copy of the complaint was received by mail at the office of the

Notice of Removal                                            Sandra J. Fee v. State of California, et.al.

1

1 California Attorney General in Sacramento, California. A copy of the summons is attached hereto
2 as Exhibit "B".
3   3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.
4 § 1331 and is one which may be removed to this court by defendant pursuant to the provisions 28
5 U.S.C. § 1441(b) and that it arises under 42 U.S.C. § 1983.
6   4. No other defendants have been served with the summons and complaint, therefore their
7 joinder is not necessary.
8 Dated: March 20, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
TYLER B. PON
Supervising Deputy Attorney General

*/signature/*

JEFF R. VINCENT
Deputy Attorney General
Attorneys for Defendants

90081715.wpd
OK2008900086

Notice of Removal

Sandra J. Fee v. State of California, et.al.

2

George J. Kovacevich, SBN 48125
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
333 Church Street
Santa Cruz, California 95060
Telephone: (831) 423-8383
Facsimile: (831) 423-9401

Attorneys for Plaintiff
SANDRA J. FEE

FILED
FEB 28 2008
ALEX CALVO, CLERK
BY DAJAH RUIZ
DEPUTY, SANTA CRUZ COUNTY

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SANTA CRUZ

| | |
|---|---|
| SANDRA J. FEE,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, OFFICER B. RIOUX, OFFICER A. VOORHEES, and DOES 1 TO 20, inclusive,<br><br>    Defendants. | CASE NO. CV 159557<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) Violation of Civil Rights<br>     (42 U.S.C. Section 1983)<br>(2) Violation of State Civil Rights Act<br>     (Civil Code sections 52.1 and 52.3)<br>(3) Assault<br>(4) Battery<br>(5) False Imprisonment<br>(6) Trespass |

Plaintiff, Sandra J. Fee, alleges:

1. Plaintiff is, and at all times mentioned in this complaint was, a citizen of the United States, and a resident of Santa Cruz County, California.

2. Defendant, State of California, is, and at all times mentioned herein was, a sovereign state of the United States of America.

3. Defendant, California Highway Patrol ("CHP"), is, and at all times mentioned herein was, an agency of the State of California, duly organized, and existing under the laws of the State of California.

///
///

COMPLAINT FOR DAMAGES                                            Page 1

4. At all times mentioned herein, Defendant, Officer B. Rioux ("Rioux"), was an officer with the California Highway Patrol and an employee thereof and in doing the acts hereinafter described, acted within the course and scope of his employment.

5. At all times mentioned herein, Defendant, Officer A. Voorhees ("Voorhees"), was an officer with the California Highway Patrol and an employee thereof and in doing the acts hereinafter described, acted within the course and scope of his employment.

6. Defendants Rioux and Voorhees were, at all times mentioned in this complaint, agents of the State of California, employed as California Highway Patrol officers.

7. Defendants Rioux and Voorhees are sued in their individual capacities.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants sued herein as DOES 1 through 10, inclusive, were the agents and employees of Defendants State and CHP and were at all times acting within the purpose and scope of such agency and employment.

10. On or about May 3, 2007, Plaintiff was inside her residence located at 1200 Graham Hill Road in Santa Cruz, California.

11. At such time and place, Defendants Rioux and Voorhees, without a warrant, entered the enclosed side yard of Plaintiff's residence. Defendant Rioux and Voorhees proceeded to go to Plaintiff's back door and knocked loudly.

12. Plaintiff was conducting business on the phone at the rear of her house when she heard a loud knock on the back door and then saw Defendant Rioux and Voorhees standing there.

13. Plaintiff proceeded to partially open the door with the phone in her hand and answered some initial questions by Defendant Rioux. Defendant Rioux then demanded that Plaintiff come outside. Plaintiff responded she would after she ended her call, but Defendant Rioux demanded she immediately exit the house. He then climbed the steps at the door and entered beyond the plane of the door grabbing Plaintiff's wrist and pulling her towards him. As

1 | he did, the door closed in on Plaintiff who had been straddling it.

14. Defendant Rioux then applied pepper spray to Plaintiff and proceeded to pull her out of her home while continuing to spray her. In the process, Defendant Rioux broke the wooden stairs at the back door.

15. Subsequently, Defendant Rioux shoved Plaintiff by applying his hand to her stomach. After Plaintiff fell to the ground, Defendant Rioux put his knee in her back and handcuffed her. Defendant Rioux then pulled her by her left upper arm and lifted her off the ground.

16. In that condition, she was escorted to the front of her house to the side of the patrol vehicle, at which time Defendant Rioux pushed her over at the waist onto the patrol vehicle.

17. At no time did Defendant Voorhees take action, which he had a duty to take, to prevent and stop Defendant Rioux's unlawful physical actions against Plaintiff.

18. A third California Highway Patrol officer, the identify of whom is currently unknown to Plaintiff (the "Unknown Officer"), then appeared on the scene.

19. Plaintiff overheard Defendant Rioux's explanation to the Unknown Officer concerning why he used the pepper spray. Defendant Rioux's explanation contained fabrications. When Plaintiff tried to tell the Unknown Officer what had actually happened, Defendant Rioux came back over to her and shoved her over at the waist, telling her to stay there and shut up.

20. Thereafter, Defendant Rioux re-entered Plaintiff's house, again without a warrant.

21. Defendant Rioux and Voorhees subsequently transported Plaintiff to the Santa Cruz County jail where she was booked.

22. Plaintiff had pepper spray all over her face, eyes, mouth, and hair, causing her great discomfort and pain for a considerable time including her stay in the jail. Plaintiff's stay in jail ended upon being released on her own recognizance. Plaintiff experienced more burning sensation and pain after she got home and tried to wash her body. Plaintiff subsequently sought medical attention and continued to have residual headaches, blurriness in her right eye, and

1  tenderness and pain in her right ear, right cheek and nose.

2      23.    On or about July 31, 2007, Plaintiff presented a claim to the California Victim
3  Compensation and Government Claims Board. A copy of this claim is attached as Exhibit A and
4  made a part hereof. On or about December 13, 2007, the California Victim Compensation and
5  Government Claims Board rejected Plaintiff's claim in its entirety.

6      24.    Plaintiff is informed and believes that each defendant conspired with the others to
7  carry out the wrongful acts alleged herein.

## COUNT I

### (Violation of Civil Rights)

### (Title 42 U.S.C. Section 1983)

11     25.    Plaintiff realleges and incorporates herein by reference the allegations set forth in
12  Paragraphs 1 through 25 of this complaint.

13     26.    In doing the acts complained of herein, the individual Defendants Rioux and
14  Voorhees acted under color of state law to deprive Plaintiff as alleged herein, of certain
15  constitutionally protected rights including, but not limited to:

16          (i)    The right not to be deprived of liberty without due process of law;
17          (ii)   The right to be free from invasion or interference with Plaintiff's zone of
18                 privacy;
19          (iii)  The right to be free from unreasonable searches and seizures;
20          (iv)   The right to be free from use of excessive police force; and
21          (v)    The right to be free from arrest without probable cause.

22     27.    As a direct and proximate result of Defendants' Rioux's and Voorhees's actions,
23  described in this complaint, Plaintiff has suffered injury, loss, and damage as follows: (i) the
24  sanctity and privacy of her person and home have been violated, (ii) she has been assaulted and
25  battered, causing injury to her skin, eyes, face and other parts of her body, (iii) she has been
26  falsely imprisoned and confined; and (iv) she has and continues to suffer severe emotional
27  distress. The full amount of damages is not now known to Plaintiff and Plaintiff will amend this
28  complaint to state the full amount of damage when it is known to Plaintiff, or upon proof of the

1 full amount of damage.

28. In acting as alleged in this complaint, Defendants Rioux and Voorhees acted knowingly, wilfully, maliciously, and with reckless and callous disregard for Plaintiff's constitutionally protected rights.

29. As a direct and proximate result of Defendants actions, described in this complaint, Plaintiff has suffered injury, loss, damage, including loss of liberty, invasion of privacy, emotional distress, physical injury, pain, suffering, and property damage.

30. As a result of Defendants conduct, described in this complaint, Plaintiff has incurred medical and psychological expenses to date in the amount of $7,000. Plaintiff continues to be damaged in this respect. The full amount of these expenses is not known to Plaintiff at this time.

31. As a result of Defendants conduct, described in this complaint, Plaintiff incurred property damage in the amount of $200.

32. Plaintiff is informed and believes and thereon alleges that she was subjected to a violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, as a result of the customs, practices, and policies of Defendant CHP.

33. Plaintiff is informed and believes and thereon alleges that the customs, practices, and policies of Defendant CHP that led to the violation of Plaintiff's rights include inadequate training, supervision, and discipline of Defendant CHP's officers.

34. The customs, practices, and policies of Defendant CHP described in this complaint amounted to deliberate indifference to the rights of persons, such as Plaintiff, who are subjected to investigation, questioning, detention, search, and/or arrest.

35. Plaintiff is informed and believes that each defendant conspired with the others to carry out the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

///

///

///

## COUNT II

### (State Civil Rights Act)

### (Civil Code sections 52.1 and 52.3)

36. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 36 of this complaint.

37. The conduct of Defendants Rioux and Voorhees as alleged in this complaint intentionally interfered with Plaintiff's rights secured by the Constitution, the laws of the United States, and the laws of this state as alleged herein by threats, intimidation, coercion, and violent acts.

38. As a proximate result of the interference by Defendants Rioux and Voorhees of Plaintiff's constitutional rights as alleged above, Plaintiff has suffered damages as specified above.

39. As a proximate result of the wrongful act of Defendants Rioux and Voorhees, Plaintiff is also entitled to recover a statutory civil penalty of $25,000, as provided in Civil Code section 52(b).

40. Defendants' acts have been directed specifically against Plaintiff and are knowing, wilful, not constitutionally protected, and without legitimate purpose.

41. The above-recited actions of Defendants Rioux and Voorhees were done with malice, fraud, or oppression, in reckless disregard of Plaintiff's rights.

42. Plaintiff is informed and believes that each defendant conspired with the others to carry out the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## COUNT III

### (Assault)

43. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 42 of this complaint.

44. In doing the acts as alleged above, Defendants Rioux and Voorhees intended to cause or to place Plaintiff in the apprehension of a harmful or an offensive contact with

1  Plaintiff's person.

2  45. As a result of Defendants' Rioux's and Voorhees' acts as alleged above, Plaintiff
3  was placed in great apprehension of a harmful or an offensive contact with Plaintiff's person.

4  46. At no time did Plaintiff consent to any of the acts of Defendants Rioux and
5  Voorhees alleged above.

6  47. As a proximate result of the acts of Defendants' Rioux's and Voorhees' inaction,
7  as alleged above, Plaintiff suffered the injuries also alleged above. Plaintiff was hurt and injured
8  in her health, strength, and activity, sustaining injury physically and emotionally, all of which
9  have caused, and continue to cause, Plaintiff great mental, physical, and pain and suffering. As a
10 result of these injuries, Plaintiff has suffered general damages.

11 48. As a further proximate result of the acts of Defendants Rioux's and Voorhees'
12 inaction, Plaintiff has incurred, and will continue to incur, medical and related expenses. The
13 full amount of these expenses is not known to Plaintiff at this time.

14 49. The aforementioned conduct of Defendants Rioux and Voorhees was wilful and
15 malicious and was intended to oppress and cause injury to Plaintiff. Plaintiff is therefore entitled
16 to an award of punitive damages.

17 50. Plaintiff is informed and believes that each defendant conspired with the others to
18 carry out the wrongful acts alleged herein.

19 WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

20 ## COUNT IV

21 (Battery)

22 51. Plaintiff realleges and incorporates herein by reference the allegations set forth in
23 Paragraphs 1 through 50 of this complaint.

24 52. Immediately thereafter, Defendant Rioux violently grabbed Plaintiff by her wrist,
25 applied pepper spray to Plaintiff's body and struck Plaintiff with his hands and knee, and placed
26 handcuffs on her wrist while Defendant Voorhees was present and failed to act.

27 53. Defendants Rioux and Voorhees further committed a battery on Plaintiff by means
28 of her unlawful arrest and seizure which was accomplished without a warrant or any other legal

1 cause.

54. In doing the acts as alleged above, Defendant Rioux acted with the intent to make contact with Plaintiff's person, which was known to Defendant Voorhees and committed in his immediate presence.

55. At all times stated herein, Plaintiff found the contact made with her person by Defendant Rioux to be harmful and offensive to her person and dignity.

56. At no time did Plaintiff consent to any of the acts of Defendants Rioux and Voorhees alleged above.

57. As a proximate result of Defendant Rioux's acts and Defendant Voorhees' inaction, as alleged above, Plaintiff suffered the injuries also alleged above. Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury physically and emotionally, all of which have caused, and continue to cause, Plaintiff great mental, physical, and pain and suffering. As a result of these injuries, Plaintiff has suffered general damages.

58. As a further proximate result of Defendants Rioux's acts and Defendant Voorhees' inaction, Plaintiff has incurred, and will continue to incur, medical and related expenses. The full amount of these expenses is not known to Plaintiff at this time.

59. The aforementioned conduct of Defendants Rioux and Voorhees was wilful and malicious and was intended to oppress and cause injury to Plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

60. Plaintiff is informed and believes that each defendant conspired with the others to carry out the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### COUNT V

### (False Imprisonment)

61. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 60 of this complaint.

62. On the day of May 3, 2007, Plaintiff was seized and arrested while in her home by Defendants Rioux and Voorhees, maliciously and without warrant, or order of commitment or

1 | any other legal authority of any kind, when Plaintiff had not committed any crime or public
2 | offense. Nor did Defendants Rioux and Voorhees have probable cause to believe that Plaintiff
3 | had committed any crime. Moreover, Defendants Rioux and Voorhees had seized and arrested
4 | Plaintiff after their unconstitutional entry of her rear and backyard without warrant or other legal
5 | cause so that they had no right to be where they encountered Plaintiff and seized and arrested her.
6 | Defendant Rioux also unconstitutionally entered Plaintiff's home to seize and arrest her without
7 | warrant or any other legal cause to enter.

8 | 63. As a proximate result of the acts of Defendants Rioux and Voorhees herein
9 | alleged, Plaintiff was not only seized and arrested, but incarcerated, all the while laboring and
10 | suffering from the unlawful force applied to her by Defendant Rioux.

11 | 64. The acts of Defendants Rioux and Voorhees, as alleged herein, were wilful,
12 | wanton, malicious, and oppressive, and justify the awarding of punitive damages.

13 | 65. Plaintiff is informed and believes that each defendant conspired with the others to
14 | carry out the wrongful acts alleged herein.

15 | WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

16 | ### COUNT VI

17 | (Trespass)

18 | 66. Plaintiff realleges and incorporates herein by reference the allegations set forth in
19 | Paragraphs 1 through 65 of this complaint.

20 | 67. On or about May 3, 2007, Defendants Rioux and Voorhees, and each of them,
21 | without Plaintiff's consent, entered the property of Plaintiff as described above.

22 | 68. After the arrest and confinement of Plaintiff as alleged above, Defendants Rioux
23 | and Voorhees returned to Plaintiff's home and, again, unlawfully entered Plaintiff's side and rear
24 | yards.

25 | 69. As a proximate result of Defendants Rioux's and Voorhees' unlawful entry onto
26 | Plaintiff's land, Plaintiff's constitutional rights were violated and her property damaged to such
27 | an extent that repairs were necessary to restore the stairs to their prior condition.

28 | ///

70. As a further proximate result of Defendants Rioux's and Voorhees' unlawful entries onto Plaintiff's property, Plaintiff suffered and continues to suffer discomfort and annoyance and experience mental suffering caused by fear for her personal security, privacy, and safety. Plaintiff sustained injuries to her emotional and physical person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering. As a result of this mental and emotional distress, Plaintiff has suffered general damages.

71. As a further proximate result of Defendants Rioux's and Voorhees' unlawful entry onto Plaintiff's property, Plaintiff has incurred, and will continue to incur, medical and related expenses, the full amount of which is not known to Plaintiff at this time.

72. The aforementioned acts of Defendants Rioux and Voorhees were wilful, oppressive, and malicious, and in conscious disregard of Plaintiff's physical safety and mental well being. Plaintiff is therefore entitled to punitive damages.

73. Plaintiff is informed and believes that each defendant conspired with the others to carry out the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**PRAYER**

1. For compensatory damages, in an amount to be determined according to proof at trial;

2. For a statutory civil penalty in the sum of $25,000, pursuant to Civil Code section 52(b) (individual Defendants only);

3. For exemplary and punitive damages in an amount to be determined according to proof at trial (individual Defendants only);

4. For reasonable attorneys' fees, pursuant to 42 U.S.C. Section 1988 and Civil Code section 52.1(h);

5. For interest as allowed by law;

///

///

6. For costs of suit incurred in this action; and

7. For such other and further relief as the Court deems proper.

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated: 2/25/08      By: _____
GEORGE J. KOVACEVICH
Attorneys for Plaintiff
SANDRA J. FEE

COMPLAINT FOR DAMAGES                                    Page 11

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, OFFICER B. RIOUX, OFFICER A. VOORHEES, and DOES 1 TO 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SANDRA J. FEE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
FEB 2[?] 2008
ALEX CALVO, CLERK
BY DAJAH RUIZ
DEPUTY, SANTA CRUZ COUNTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Cruz
701 Ocean St., Rm. 110
Santa Cruz, CA 95060

CASE NUMBER: **CV 159557**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George J. Kovacevich (Bar # 48125)          Phone No.: (831) 423-8383
Atchison, Barisone, Condotti & Kovacevich   Fax No.: (831) 423-9401
333 Church Street, Santa Cruz, CA 95060

DATE: 01/25/08    Clerk, by D. Ruiz, Deputy
*(Fecha)*         *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: State of California

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify)*: CCP 416.50 (Public Entity)
4. ☐ by personal delivery on *(date)*:

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*