1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  JEFFREY R. VINCENT, State Bar No. 161013
   Deputy Attorney General
4    1515 Clay Street, 20th Floor
     P.O. Box 70550
5    Oakland, CA  94612-0550
     Telephone:  (510) 622-2127
6    Fax:  (510) 622-2270
     Email:  Jeffrey.Vincent@doj.ca.gov
7
   Attorneys for Defendant State of California by and
8  through the California Highway Patrol

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  **SANDRA FEE,** | 08-CV-01549-RS |
| 14  Plaintiff, | **STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983** |
| 15  **v.** | |
| 16  **STATE OF CALIFORNIA, et al.,** | |
| 17  Defendants. | Hearing: May 16, 2008 |
| 18 | Time: 9:00 a.m. Courtroom: 6 Judge: Honorable Ronald M. Whyte |
| 19 | |

20

21        **TO PLAINTIFF AND HER COUNSEL OF RECORD:**

22        **PLEASE TAKE NOTICE** that on May 16, 2008, at 9:00 a.m., in Courtroom 6 of the

23  above entitled court, located at 280 South 1st Street, 4th Floor, San Jose, California, defendant State

24  of California, by and through the California Highway Patrol will and does hereby move this Court

25  to dismiss plaintiff's cause of action for violation of her civil rights under 42 U.S.C. section 1983,

26  pursuant to Rules 12 (b)(6) of the Federal Rules of Civil Procedure.  The motion is made on the

27  grounds that plaintiff's complaint fails to state a claim upon which relief can be granted. The motion

28  is based on this Notice and the accompanying Memorandum of Points and Authorities, as well as

1   the pleadings, records and other information in the Court's files and such other evidence or

2   arguments as may be presented in Reply to any Opposition.

3          Dated:  April 9, 2008

4                          Respectfully submitted,

5                          EDMUND G. BROWN JR.
                           Attorney General of the State of California
6                          TYLER B. PON
                           Supervising Deputy Attorney General
7

8

9                          JEFF R. VINCENT
                           Deputy Attorney General
10                         Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss                                      Sandra J. Fee v. State of California, et.al.
                                                                        08-CV-01549 RS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This motion is made on behalf of defendant State of California by and through the California Highway Patrol ("CHP"). According to the Complaint, plaintiff's claims against the CHP arise from her arrest on or about May 3, 2007. The Complaint contains a mix of federal (42 U.S.C. § 1983) and state law claims arising from the incident. Six counts or causes of action are separately alleged. Plaintiff's federal civil rights claims against the State/CHP, Count I, must be dismissed because the CHP/State of California is not a person under 42 U.S.C. section 1983.

### II. RELEVANT FACTUAL BACKGROUND

As alleged in the Complaint, plaintiff was arrested at the back door of her home. In the course of the arrest, she was pepper-sprayed and handcuffed. Although it is not expressly stated in the complaint, it appears from the complaint, read as a whole, that Count I alleges a violation of plaintiff's rights under the Fourth Amendment to the U.S. Constitution arising from an alleged arrest without probable cause and allegations of excessive force in the course of plaintiff's arrest.

### III. ARGUMENT

**A. Legal Standard.**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Section 12(b)(6) tests the legal sufficiency of the claims in the complaint, as well as reasonable inferences to be drawn from them, and the court must construe the complaint in the light most favorable to plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The court need not, however, accept every allegation in the complaint as true; rather, the court will "examine whether conclusory allegations follow from the description of the facts as alleged by the plaintiff." *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir. 1992).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A dismissal is appropriate where "it appears beyond reasonable doubt that the plaintiff can prove no set of facts which would entitle him to relief."

1   *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737

2   (9th Cir. 2001).  Here, plaintiffs have not, and cannot, plead facts to establish a claim against the

3   CHP.

4   **B.     As the State is not a "person" under 42 U.S.C. § 1983, plaintiff cannot plead facts
           to establish a federal civil rights violation against the State/CHP.**

5

6           Neither states nor their agencies are persons under  42 U.S.C. section 1983. *Will v.*

7   *Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Section

8   1983  creates a cause of action against *persons* who have deprived a plaintiff of a right secured to

9   him by the Constitution or laws of the United States while acting under color of state law. 42 U.S.C.

10  § 1983 . A state is not a person under section 1983. *Will,* 491 U.S. at 71; *Groten v. California,* 251

11  F.3d 844,  851 (9th Cir. 2001).  In *Groten*, the court noted that dismissal of a section 1983 claim

12  under Rule 12(b)(6) on the grounds that the state is not a person is appropriate regardless of whether

13  the state is immune from liability under the Eleventh Amendment of the U.S. Constitution.  The

14  California Highway Patrol is an agency of the State of California.  Cal. Gov't Code § 11000.  As

15  neither the State of California nor the CHP is a person under section 1983, Count I of plaintiff's

16  complaint as alleged against the State/CHP must be dismissed.  No amendment can cure the defect

17  in plaintiff's federal civil rights claims against the State/CHP, accordingly Count I should be

18  dismissed with prejudice.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Motion to Dismiss                                                  Sandra J. Fee v. State of California, et.al.
                                                                   08-CV-01549 RS

1

## IV.  CONCLUSION

2        For the reasons stated herein, plaintiff's cause of action against the State of

3   California/CHP based on 42 U.S.C. section 1983 must be dismissed.  As plaintiff cannot plead a

4   valid claim under that statute, Count I against the State of California/CHP should be dismissed

5   without leave to amend.

6

7        Dated:  April 9, 2008

8                     Respectfully submitted,

9                     EDMUND G. BROWN JR.
                      Attorney General of the State of California
10                    TYLER B. PON
                      Supervising Deputy Attorney General

11

12                    /s/ Jeff R. Vincent
                      JEFF R. VINCENT
13                    Deputy Attorney General
                      Attorneys for Defendants

14

15   90082058.wpd

16   OK2008900086

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss                                    Sandra J. Fee v. State of California, et.al.
                                                     08-CV-01549 RS