1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  JEFFREY R. VINCENT
   Deputy Attorney General, State Bar No. 161013
4  1515 Clay Street, 20th Floor
   P.O. Box 70550
5  Oakland, CA  94612-0550
   Telephone:  (510) 622-2127
6  Facsimile:  (510) 622-2270
   E-mail: Jeffrey.Vincent@doj.ca.gov
7
   Attorneys for Defendants State of California by and
8  through the California Highway Patrol, Officer B.
   Rioux and Officer A. Voorhees
9

10                **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12

13 | **SANDRA FEE,** | Case No.  08-CV-01549-RMW |
|---|---|
14 | Plaintiff, | **ANSWER TO COMPLAINT** |
15 | v. | **DEMAND FOR JURY TRIAL** |
16 | **STATE OF CALIFORNIA, ET AL.,** | |
17 | Defendants. | |

18

19

20      Defendants California Highway Patrol Officers B. Rioux and A. Voorhees  in response

21 to the complaint on file herein admit, deny, and allege as follows:

22      Defendants admit the allegations of paragraphs 2, 3, 4, 5, 6, 10, 21 and 23 of the

23 complaint.

24      Defendants deny the allegations of paragraphs 19, 24, 26, 28, 32, 34, 35, 37, 39, 40, 41,

25 42, 44, 49, 50, 53, 54, 59, 60, 62, 64, 65, 68, 69, 72 and 73 of the complaint.

26      Defendants lack sufficient information to admit or deny the allegations of the following

27 paragraphs of the complaint and on that basis deny the allegations: paragraphs 1, 8, 9, 12, 18, 22,

28 27, 29, 30, 31, 33, 38, 45, 46, 47, 48, 55, 56, 57, 58, 70 and 71.

1

Answer to Complaint by Defendants Rioux and Voorhees

Paragraphs 7, 17, 25, 36, 43, 51, 61, and 66 do not contain any allegations of fact. To the extent that any fact is implied by said paragraphs, defendants deny the fact based on lack of information and belief.

In answer to paragraph 11, defendants admit that Officer Rioux knocked on plaintiff's door and deny the remaining allegations.

In answer to paragraph 13, defendants admit that Officer Rioux demanded that plaintiff exit the house and answer questions regarding his investigation of stolen property in plaintiff's driveway. Defendants admit that Officer Rioux used a control hold to obtain plaintiffs compliance after determining that plaintiff was interfering with his investigation of the stolen property in plaintiff's driveway. Defendants deny the remaining allegations.

In answer to paragraph 14, defendants admit that Officer Rioux used pepper spray after plaintiff resisted and deny the remaining allegations.

In answer to paragraph 15, defendants admit that Officer Rioux placed handcuffs on plaintiff's wrists and deny the remaining allegations.

In answer to paragraph 16, defendants admit that Officer Rioux escorted plaintiff to the patrol car and deny the remaining allegations.

In answer to paragraph 20, defendants admit that Officer Rioux reentered the house to secure the premises before transporting plaintiff to jail.

In answer to paragraph 52, defendants admit that Officer Rioux used a control hold, pepper spray and handcuffs and deny the remaining allegations.

In answer to paragraph 63, defendants admit that plaintiff was arrested and booked into jail and deny the remaining allegations.

In answer to paragraph 67, defendants lack information sufficient to admit or deny the allegations contained in this paragraph. The paragraph incorporates by reference ("as described above") allegations which are vague in context of this paragraph. Defendant denies the allegation contained in paragraph 67 on that basis as well.

/ / /

/ / /

Answer to Complaint by Defendants Rioux and Voorhees

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1.:

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2.:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages. (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 3.:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendant(s) would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendant(s) would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendant(s) would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the

1  Constitutions of the United States and the State of California in that it would encourage
2  disproportionate punishment without a rational basis and amount to an arbitrary classification;
3       8) Such damages would amount to excessive fines in contravention of the Eighth
4  Amendment; and
5       9) Defendant(s) would be deprived in other ways of the right to due process of law.
6       By reason of the above premises, the award of punitive damages herein should not be
7  allowed.

AFFIRMATIVE DEFENSE NO. 4.:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 5.:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 6.:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 7.:

At the times and places alleged in the complaint, plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct. The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 8.:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board

4

1  claim, if any there was, said complaint fails to state a cause of action and is barred by Government

2  Code sections 905.2, 911.2 and 950.2.

3  AFFIRMATIVE DEFENSE NO. 9.:

4  The detention or arrest, if any there was, alleged in the complaint was regular and lawful

5  and made in good faith by a peace officer or peace officers acting within the course and scope of

6  authority and with reasonable cause to believe at the time that such action was lawful.

7  AFFIRMATIVE DEFENSE NO. 10.:

8  Only reasonable force and restraint were used in the incident alleged in the complaint.

9  There is no liability pursuant to Penal Code sections 835 and 835a and Government Code section

10  815.2.  Plaintiff(s) knew or should have known that an arrest or detention was being made by peace

11  officers and had a duty to refrain from using force or any weapon to resist any such arrest or

12  detention, and was/were in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing

13  to refrain from assaulting, threatening, battering, obstructing and resisting peace officer(s).

14  AFFIRMATIVE DEFENSE NO. 11.:

15  To the extent that any force was used in making the arrest or detention, if any there was,

16  alleged in the complaint, it was privileged as necessary to effect arrest, to prevent escape, and to

17  overcome resistance.

18  AFFIRMATIVE DEFENSE NO. 12.:

19  There was reasonable cause to make the detention or arrest, if any there was, alleged in

20  the complaint.

21  AFFIRMATIVE DEFENSE NO. 13.:

22  At the time and place alleged in the complaint, defendants were peace officer(s) in the

23  course and scope of employment.  At all relevant times, defendant(s) had reasonable cause to believe

24  that plaintiff(s) had committed a public offense in an officer's presence, to wit, a violation of the law

25  of the State of California, and so believing, exercised the power, and discharged the duty, of lawful

26  arrest.

27  AFFIRMATIVE DEFENSE NO. 14.:

28  This court lacks subject matter jurisdiction over the causes of action alleged in the

5

Answer to Complaint by Defendants Rioux and Voorhees

complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

AFFIRMATIVE DEFENSE NO. 15.:

Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 16.:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 17.:

All acts of defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 18.:

To the extent that the complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to plaintiff and others.

AFFIRMATIVE DEFENSE NO. 19.:

Answering defendants are entitled to qualified and official and quasi-judicial immunity. Defendant(s) acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 20.:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov. Code, §§ 815.2, 820.4.)

AFFIRMATIVE DEFENSE NO. 21.:

There is no liability in that the acts alleged in the complaint, if done at all, were discretionary acts of a public employee. (Gov. Code, § 820.2.)

AFFIRMATIVE DEFENSE NO. 22.:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the course of judicial or administrative proceeding. (Gov. Code, § 821.6.)

AFFIRMATIVE DEFENSE NO. 23.:

There is no liability in that the acts alleged in the complaint, if done at all, were authorized by law. (Gov. Code, § 821.8.)

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff; and

2. Plaintiff take nothing by the Complaint; and

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated:   April 23, 2008

EDMUND G. BROWN JR.,
Attorney General of the State of California
TYLER B. PON
Supervising Deputy Attorney General

/s/  Jeff R. Vincent
JEFF R. VINCENT
Deputy Attorney General
Attorneys for Defendants State of California by and through the California Highway Patrol, Officer B. Rioux and Officer A. Voorhees

Answer to Complaint by Defendants Rioux and Voorhees

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury.

Dated: April 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
TYLER B. PON
Supervising Deputy Attorney General

/s/  Jeff R. Vincent
JEFF R. VINCENT
Deputy Attorney General
Attorneys for Defendants

90083708.wpd
OK2008900086