1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  JEFFREY R. VINCENT, State Bar No. 161013
   Deputy Attorney General
4   1515 Clay Street, 20th Floor
    P.O. Box 70550
5   Oakland, CA 94612-0550
    Telephone: (510) 622-2127
6   Fax: (510) 622-2270
    Email: Jeffrey.Vincent@doj.ca.gov
7  Attorneys for Defendants State of California by and through
   the California Highway Patrol, Officer B. Rioux and Officer
8  A. Voorhees

9  George J. Kovacevich, SBN 48124
   ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
10 333 Church Street
   Santa Cruz, CA 95060
11 Telephone: (831) 423-8383
   Facsimile: (831) 423-9401
12 Attorneys for Plaintiff Sandra J. Fee

13

14                  IN THE UNITED STATES DISTRICT COURT

15                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

| SANDRA FEE, | 08-CV-01549-RMW |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| STATE OF CALIFORNIA, et al., | Hearing: July 11, 2008<br>Time: 10:30 a.m.<br>Courtroom: 6 |
| Defendants. | Judge: The Hon. Ronald M. Whyte |

       Pursuant to Federal Rules of Civil Procedure, Rule 16 and this court's March 20, 2008

Order Setting Initial Case Management Conference, the parties submit this Joint Case

Management Statement.

**1.    Jurisdiction and Service.**

       This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343,

and 1367.  All alleged actions occurred within the County of Santa Cruz; therefore, venue is

proper pursuant to 28 U.S.C. § 1391(b)(2). Jurisdiction and venue are not contested. All named defendants have been served and have answered the complaint.

**2.  Summary of Factual Contentions of the parties.**

**a. Plaintiff:** Plaintiff's case is brought under 42 U.S.C. section 1983 based on violation of rights secured by the Fourth Amendment of the United States Constitution. Plaintiff alleges that on March 3, 2007, Officer Rioux illegally entered the curtilage, and the actual threshold, of her home without a warrant and absent exigent circumstances. Plaintiff alleges that the Officers entered through a closed, solid wood, non-transparent gate surrounding her home, and that the area immediately surrounding her home where the Officers entered was completely sheltered from any public view. She alleges that she was thereafter wrongfully detained and arrested, but that she did not resist detention or arrest. Plaintiff further alleges that Officers Rioux and Voorhees utilized unreasonable and excessive force during the detention and arrest and that as a result of the excessive force she suffered injury Plaintiff also alleges causes of action under state law for false arrest, assault, battery and trespass.

**b. Defendants:** Defendants contend that there was probable cause to arrest plaintiff. Defendants allege that Plaintiff was initially detained for questioning regarding stolen property located on her premises. Defendants further allege that Plaintiff resisted detention and was arrested. Defendants contend that Officer Rioux did not enter plaintiff's home but grasped her arm at the threshold while the door was open. Defendants allege that Plaintiff resisted detention and arrest so that it became necessary to use force, and that use of force was appropriate under the circumstances and consistent with policies of the California Highway Patrol. Defendants deny that plaintiff was injured during the arrest. Defendants allege that even if defendant's used more force in the arrest of plaintiff than was reasonable, it was reasonable for them to believe that such force was appropriate so that liability is precluded by the doctrine of qualified immunity.

**Factual Issues In Dispute.**

(1)  How did the officers enter the curtilege of Plaintiff's residence?

(2)  Where was Plaintiff at the time the officers attempted to detain her?

(3) Where was Plaintiff at the time the officers attempted to arrest her?

(4) Was pepper spray used in the attempt to detain Plaintiff?

(5) Where was Plaintiff located at the time the officers first made physical contact with her?

(6) Was pepper spray used in the arrest of Plaintiff?

(7) Did Plaintiff resist her detention?

(8) Did Plaintiff resist her arrest?

(9) What injuries, if any, did Plaintiff suffer?

**3. Legal Issues.**

a. Was the warrantless entry into the curtilege of Plaintiff's home a violation of plaintiff's rights?

b. Was the detention of Plaintiff at her home a violation of her rights?

c. Was the warrantless arrest of Plaintiff at her home a violation of her rights?

d. Was excessive force used in the detention of Plaintiff?

e. Was excessive force used in the arrest of Plaintiff?

f. Does qualified immunity apply to the force used by the officers?

**a. Warrantless Entry Into Curtilage and Home.**

It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. See, e.g., *Payton v. New York*, 445 U.S. 573, 589-590 (1980). This Fourth Amendment protection extends to protect the "curtilage" of a home, such as private enclosed yards. *United States v. Dunn,* 480 U.S. 294, 300 (1987); *People v. Camacho,* 23 Cal.4th 824, 837 (2000). The "curtilage" constitutes the area within which a person "reasonably may expect that the area in question should be treated as the home itself." *Dunn,* supra.

**b. Probable Cause.**

The Fourth Amendment requires that a law enforcement officer have probable cause to arrest an individual without a warrant. *United States v. Jensen,* 425 F.3d 698, 704 (9th Cir. 2005). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

Amendment provided that the arrest was made without probable cause or other justification." *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001). Probable cause exists when "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." *Hart v. Parks,* 450 F.3d 1059, 1065-66 (9th Cir. 2006).

**c. Warrantless Arrest at Home.**

The Fourth Amendment prohibits police from making a nonconsensual entry into a suspect's home in order to effect a warrantless arrest. *Payton v. New York,* 445 U.S. 573, 576 (1980). However, the Supreme Court has upheld the warrantless arrest of a defendant who was standing in the frame of her doorway that "was not merely visible to the public but was exposed to public view, speech, hearing, and touch as if she had been standing completely outside her house.". *United States v. Santana,* 427 U.S. 38, 42 (1976). Where there was no evidence that the subject door was enclosed within any curtilage, Ninth Circuit has held that a warrantless arrest may be proper when a suspect voluntarily opens the door of his motel room in response to a noncoercive knock by the police. *United States v. Vaneaton,* 49 F.3d 1423, 1426 (9th Cir. 1995), *cert. denied,* 516 U.S. 1176 (1996).

**d. Excessive Force**

Both the U.S. Supreme Court and the Ninth Circuit have held that excessive force claims brought under §section 1983 must be analyzed under the Fourth Amendment's "reasonableness" standard. In the seminal case, *Graham v. Connor,* 490 U.S. 386 (1989), the plaintiff sought to recover damages "for injuries allegedly sustained when law enforcement officers used physical force against him during the course of an investigatory stop." *Id.* at 388.

The Court then held:

> [A]ll claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized

1         notion of 'substantive due process,' must be the guide for analyzing these claims.

2

3 *Id.* at 395.  The Ninth Circuit's decisions on this issue have closely tracked the Supreme Court's

4 pronouncements in *Graham.  See, e.g., Larson v. Neimi*, 9 F.3d 1397, 1400-1401 (9th Cir. 1993);

5 *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989).

6 **4.    Motions.**

7       Defendant State of California/Highway Patrol has moved to dismiss claims against

8 brought pursuant to 42 U.S.C. section 1983 on the basis that the state is not a person under

9 section 1983.  Plaintiff stipulated to dismiss the section 1983 claims against the state.

10 Defendants anticipate bringing a motion for summary judgment or summary adjudication

11 following completion of discovery.

12 **5.    Amendments to Pleadings.**

13       Further amendment of the pleadings is not anticipated.

14 **6.    Evidence Preservation.**

15       Evidence related to the subject incident has been preserved by defendants and segregated

16 from document destruction programs and erasures.

17       Plaintiff has preserved evidence by preserving all documents, e-mails etc. related to her

18 claim.

19 **7.    Disclosures.**

20       Defendants served their FRCP Rule 26 Disclosure on June 25, 2008 identifying evidence

21 and witnesses.

22       Plaintiff will served her FRCP Rule 26 Disclosure on July 3, 2008 identifying evidence,

23 witnesses, and nature of her damages.

24 **8.    Discovery**

25       The only discovery to date are disclosures pursuant to FRCP Rule 26(a).  Anticipated

26 discovery includes depositions of plaintiff and individual defendants and discover related to

27 plaintiffs injuries and damages.  The parties do not propose modification or limitation of

28 discovery rules established by the FRCP.

Joint Case Management Statement                 Sandra J. Fee v. State of California, et.al.
                                                                                    08-CV-01549-RMW

**Discovery Plan.**

a. **Initial disclosure under FRCP 26(a):** July 11, 2008.

b. **Last day for non-expert discovery:** October 30, 2008.

c. **Last day to disclose expert witnesses:** November 30, 2008.

d. **Last day to complete expert discovery:** January 15, 2009.

9. **Class Action.**

No class action is proposed.

10. **Related Cases.**

There are no related cases.

11. **Relief Sought.**

Plaintiff seeks monetary damages as follows:

Plaintiff seeks monetary damages as follows: Medical: Total yet to be completed or calculated. Emotional distress: Ongoing, Plaintiff''s condition far from stable.

12. **Settlement and ADR.**

The parties have complied with ADR L.R. 3-5.  ADR is not feasible before deposition of parties are taken and discovery regarding plaintiff's damages is complete.  The Parties propose scheduling a settlement conference following the close of non-expert discovery.

13. **Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge to conduct all further proceedings.

14. **Other References.**

The case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues.**

The parties do not believe that the issues in this case can be narrowed by stipulation or motion at this time. Defendants maintain that any claim for punitive damages should be bifurcated for separate trial.

16. **Expedited Schedule.**

The parties do not consider this case suitable for streamlined procedures or handling on

an expedited basis.

**17.    Scheduling.**

    **a.**    **Last day for non-expert discovery:** October 30, 2008.

    **b.**    **Last day to disclose expert witnesses:** November 30, 2008.

    **c.**    **Last day to complete expert discovery:** January 15, 2009.

    **d.**    **Last day to hear pre-trial motions:** March 2, 2009.

    **e.**    **Pre-trial conference:** April 7, 2009

    **f.**    **Trial:** April 20, 2009.

**18.    Jury Trial.**

Defendants and plaintiff agree that this case be tried to a jury. Trial length is estimated to be seven [7] court days.

**19.    Disclosure of Non-party Interested Entities or Persons.**

Defendants filed the Certificate of Interested Entities or Persons on June 24, 2008. There is no such interest.

Plaintiff filed the Certificate of Interested Entities or Persons on July 1, 2008. There is no such interest.

**20.    Other Matters**.

None.

Dated: July 1, 2008

                Respectfully submitted,

                EDMUND G. BROWN JR.
                Attorney General of the State of California
                TYLER B. PON
                Supervising Deputy Attorney General

                /S/

                JEFF R. VINCENT
                Deputy Attorney General
                Attorneys for Defendants State of California by and through the
                California Highway Patrol, Officer B. Rioux and Officer A. Voorhees

1 | Dated: July 1, 2008

2 |                   Respectfully submitted,

3 |                   /S/

4 |                   GEORGE J. KOVACEVICH
                  Attorney for Plaintiff Sandra Fee