**E-filed on:** 11/5/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA J. FEE,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, OFFICER B. RIOUX, OFFICER VOORHEES,<br><br>  Defendants. | No. C-08-01549 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION OF ISSUES AND CAUSES OF ACTION<br><br>[Re Docket No. 66 ] |

Defendants California Highway Patrol Officers Brandon Rioux and Brian Voorhees move for summary adjudication of issues and causes of action in this civil rights action brought against them by Sandra Fee. Defendants assert that they are entitled to judgment as a matter of law on plaintiff's claim that she was unlawfully arrested. The motion, therefore, is directed at the first claim alleging federal civil rights violations under 42 U.S.C. § 1983 and the second claim alleging state civil rights violations under California Civil Code §§ 52.1 and 52.3, to the extent they are based upon the alleged unlawful arrest of plaintiff, and at the entire fifth claim seeking redress under state law for false imprisonment. Plaintiff opposes the motion. The motion was heard on September 4, 2009. The court has considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, grants summary adjudication that plaintiff's Fourth Amendment

ORDER SHORTENING TIME
No. C-08-1549 RMW
TER

1  and comparable state civil rights were not violated by the officers' encroachment onto the curtilage
2  of plaintiff's residence to question her about the allegedly stolen trailer.  The motion is otherwise
3  denied.

### I.  Encroachment into Curtilage Not a Fourth Amendment Violation

In *United States v. Hammett*, the Ninth Circuit recognized that there is nothing unlawful or unreasonable about an officer's going to a rear or other door of a residence to try and find an occupant to interview after not finding someone at the front door.  236 F.2d 1054, 1060 (9th Cir. 2001); *see United States v. Fluker*, 543 F.2d 709 (9th Cir. 1976) (the "curtilage" test is no longer appropriate in ascertaining the extent of the Fourth Amendment's protections against unreasonable searches and seizures.")  In *Hardesty v. Hamburg Tp.*, 451 F.3d 646, 654 (6th Cir. 2006), the Sixth Circuit noted that several circuits have found no Fourth Amendment violation in situations where police officers knocked on a front door and, after not receiving an answer, proceeded to the back door.

Plaintiff bases her argument that the officers violated her Fourth Amendment rights by entering the curtilage of her residence on the decision in *Madruga v. Riverside*, 431 F.Supp. 2d 1049 (C.D. Cal. 2005).  In that case, the court found that a deputy sheriff's middle of the night warrantless entry into a courtyard immediately adjacent to a home en route to the home to detain the defendant resident violated his Fourth Amendment rights.  The courtyard was completely surrounded by a five-foot, four-inch solid wall shielding the courtyard from public view, there was a sign warning of a guard dog posted near closed gates and the courtyard was used for activities intimately associated with those taking place inside the house.  *Id.* at 1060.

*Madruga* is clearly distinguishable from the present case.  The nature of the courtyard in *Madruga* and the warning of a guard dog clearly indicated that the resident had a high expectation of privacy in the courtyard.  In the present case, a wooden fence runs the length of the property and has two access points—an entrance fashioned from a door to the left of the garage and a gate made from fencing materials to the right of the garage. Although the gate to the left appears to be the main entrance to the property, both entrances are in the fence and neither appears to open directly into the house.  The gate to the right which the officers entered was unlocked and no exceptional measures

had been taken to exclude the public. In fact, the plaintiff had unlocked that gate to facilitate entry into the side yard (curtilage) by the gas meter reader.

The court in *Madruga* also relied heavily on the fact that the deputy entered at approximately 1:00 a.m. for the purpose of detaining the defendant. Although plaintiff here claims that the officers entered to detain her, the facts do not reasonably support that claim. At the time they entered, they did not know who they would encounter, whether that person would be a resident, or whether that person would even have any information about the trailer. There are no facts from which a reasonable inference could be drawn that the officers entered with the intent to detain whoever they encountered.

Even if it is assumed that the officers violated plaintiff's Fourth Amendment rights by entering the side gate and knocking on the side door, the law on the subject is not so clearly established that a reasonable officer in defendants' position could not have believed that his entry into the side yard was lawful. *See Burrell v. McIlroy*, 423 F.3d 1121, 1124 (9th Cir. 2005). The defendant officers are, therefore, entitled to qualified immunity from liability for their entry into the side gate and knocking on the side door. *See Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 818-822 (2009).

**II. Probable Cause for Arrest**

Defendants also move for summary adjudication that their arrest of plaintiff was lawful. However, the facts are disputed as to the location of the parties at the time of the arrest and the circumstances surrounding the arrest. These questions preclude summary adjudication of both the question of whether the officers had probable cause and, even if they did not, whether the officers are entitled to qualified immunity. *See Knox v. Southwest Airlines*, 124 F.3d 1103, 1108 (9th Cir. 1997).

///
///
///
///

ORDER SHORTENING TIME
No. C-08-1549 RMW
TER                                              3

**III. Order**

For the reasons stated, the court grants summary adjudication that plaintiff's Fourth Amendment and comparable state civil rights were not violated by the officers' entry onto the curtilage of plaintiff's residence to question her about the allegedly stolen trailer. The motion is otherwise denied.

DATED:     11/5/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for plaintiff:**

George J. Kovacevich       szieber@abc-law.com

**Counsel for defendants who have appeared:**

Jeffrey Richard Vincent       Jeffrey.Vincent@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/5/09                                               TER
                                                          **Chambers of Judge Whyte**